UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

MARVIN SALVADOR AJCET AND CARLOS SALVADOR
on behalf of themselves, and those similarly situated,

            Plaintiffs,

v.

11 KITCHEN INC, and JASMINE CONCEPT INC.,

dba WOKWOK SOUTHEAST ASIAN KITCHEN, KOK JIAN aka "ERIK"

CHEAH, jointly and severally,

            Defendants.

-----------------------------------------------------------------------x

No.:

<u>PLAINTIFFS' COLLECTIVE
ACTION COMPLAINT
WITH JURY DEMAND</u>

        Plaintiffs, MARVIN SALVADOR AJCET, AND CARLOS SALVADOR individually, and upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

## NATURE OF THE ACTION

        1.    This lawsuit seeks to recover unpaid minimum wages, unpaid overtime, and statutory penalties for notice-and-recordkeeping violations for plaintiffs and all others similarly situated. These named plaintiffs are hourly employees who have worked at defendants' restaurant, corporately owned as 11 KITCHEN INC, and JASMINE CONCEPT INC. d/b/a WOKWOK SOUTHEAST ASIAN KITCHEN with an establishment at 11 Mott St, New York, NY 10013, New York County, State of New York (hereinafter "Wok Wok"). Plaintiffs have been supervised by individual defendant, manager/owner KOK JIAN "ERIK" CHEAH.

        2.    Defendants have deprived plaintiffs and their co-workers of minimum wages and overtime pay since at least on or about April 21, 2016 in violation of the Fair Labor Standards Act ("FLSA").

1

3. Defendants have deprived plaintiffs of minimum wages and overtime pay since at least on or about May 06, 2015, in violation of the New York Labor Law ("NYLL").

4. Defendants have violated notice-and-recordkeeping requirements by failing to provide statements along with wages listing the name of employee, name of employer, address and phone number of employer, rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages. Defendants have further violated the requirement that they provide, upon employee request, explanations of how wages were calculated in violation of NYLL §195(3).

5. Defendants have violated notice-and-recordkeeping requirements by failing to provide employees with notice of statutory wage increases in violation of NYLL § 195(1).

6. Plaintiffs brings this action on behalf of themselves and similarly situated current and former employees who elect to opt-in to this action pursuant to 29 U.S.C. §§201 *et seq.* of the FLSA, and specifically, the collective action provision of 29 U.S.C. §216(b), to remedy violations of the wage-and-hour provisions of the FLSA.

7. Plaintiffs also bring this action on behalf of themselves and similarly situated current and former employees pursuant to Rule 23 of the Federal Rules of Civil Procedure (Fed. R. Civ. P.) to remedy violations of Article 6, §§190 *et seq.*, and Article 19 §§650 *et seq.* of the NYLL and the supporting New York State Department of Labor regulations.

**JURISDICTION AND VENUE**

8. Jurisdiction is proper as this Court has original federal question jurisdiction under 28 U.S.C. § 1331 since this case is brought under the FLSA, 29 U.S.C. §§201, *et seq.* This Court

has supplemental jurisdiction over the NYLL claims, as they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

9. As stated below, Wok Wok, by its corporate entities, is an employer engaged in commerce as defined in the FLSA, 29 U.S.C. §203(s).

10. Upon information and belief, owner/ manager KOK JIAN "ERIK" CHEAH, is subject to personal jurisdiction in the State of New York since he conducts business in New York County, State of New York.

11. Venue is proper in this District because Defendants conduct business in this Judicial District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

### DEFENDANTS

12. Defendants11 KITCHEN INC, and JASMINE CONCEPT INC. are New York Corporations doing business as Wok Wok Southeast Asian Kitchen located at 11 Mott Street in Manhattan.

13. Defendant KOK JIAN "ERIK" CHEAH, on information and belief is a resident of New York County, New York. Defendant KOK JIAN CHEAH at all times relevant to this complaint has been the owner and manager of 11 KITCHEN INC, and JASMINE CONCEPT INC. d/b/a Wok Wok Southeast Asian Kitchen on Mott Street.

14. Upon information and belief, based on information provided by plaintiffs, employees of defendants, Wok Wok is an enterprise whose annual gross volume of sales made, or business done, is in excess of $500,000. Specifically, Wok Wok is a popular restaurant with at thriving, high-volume location in the Chinatown. It has established itself in Manhattan for

approximately four years. Furthermore, the Restaurant is open at least eleven (11) hours a day, seven (7) days a week, and employs 10 workers in the kitchen, 6 waiters, and 1 delivery person. As such, based on plaintiffs' personal knowledge of defendants' business, as well as upon information and belief, defendants are an enterprise engaged in commerce as defined by 29 U.S.C. §203.

15. Upon information and belief, as well as first-hand knowledge of plaintiffs, employees of defendants, Wok Wok regularly conducted interstate business. Specifically, Wok Wok has regularly accepted credit card payments debiting funds from out-of-state bank accounts. In addition, many of the staples served at the restaurant include products grown in states with tropical climates.

16. Defendants are covered employers within the meaning of the 29 U.S.C. §203(d) and NYLL §190.

17. Upon information and belief, Defendants, including KOK JIAN "ERIK" CHEAH, have had control over all employment practices at the Wok Wok, including wages, scheduling and the hiring and firing of employees.

## PLAINTIFFS

### Common Allegations

18. For all of the named plaintiffs whose individual factual allegations are stated below, (and except those specifically noted) the following common facts apply to each of the named plaintiffs, as well as all those similarly situated:

- At all times relevant, defendants failed to provide plaintiffs with wage statements or explanations of how their wages were calculated in violation of NYLL § 195(3).

4

- At all times relevant, defendants failed to provide plaintiffs with wage notices of statutory wage increases in violation of NYLL § 195(1).

- At all times relevant, defendants have failed to pay plaintiffs in accordance with the minimum wage provisions of FLSA, 29 U.S.C. § 206 and NYLL § 652.

- At all times relevant, defendants failed to pay plaintiffs at the overtime rate for all hours in excess of forty (40) hours per workweek, in violation of the overtime provisions of FLSA, 29 U.S.C. § 207 and NYLL §§650 *et seq.* and regulations promulgated thereunder.

- At all times relevant, defendants failed to provide plaintiffs with adequate meal breaks in violation of NYLL §§162 *et seq.*

### Individual Factual Allegations

**Carlos Salvador**

19. Carlos Salvador is an adult individual who is a resident of Queens County, State of New York.

20. Salvador was employed as a prep cook by defendants from in or about May 2017 to June 19, 2018

21. As a prep cook, Salvador was a covered employee as defined by FLSA, 29 U.S.C. § 203(e) and NYLL § 190; and is not exempt by FLSA, 29 U.S.C. § 213.

22. Salvador regularly worked from 10am to 10pm for twelve (12) hours a day, six (6) days week for 72 hours per week.

23. Beginning in December 2017 when Marvin Savador Ajcet was hired, Plaintiff Salvador's schedule was changed to start at 10:30am and end at 10:30pm for twelve (12) hours a day, six (6) days week for 72 hours per week.

24. At no time was Plaintiff Salvador given breaks and he was required to eat while working.

25. At all times relevant Salvador was paid $550 per week. He was paid in cash in hand by Kok Jian "Erik" Cheah, every second Monday.

26. Thus, at all times relevant Plaintiff Salvador was paid $7.63 for each hour worked.

27. At no time was Plaintiff Salvador given pay stubs or notices of statutory wage increases.

28. In 2017 New York City employers with 11 or more workers were required to pay $11 per hour plus overtime, and in 2018 the minimum wage went up to $13.00 per hour.

29. At some time Plaintiff Salvador asked why he was not being paid overtime and he was told by Kok Jian "Erik" Cheah, "This is what we pay here."

30. On June 19, 2018, Plaintiff was fired and replaced by workers from a second Wok Wok location that was shutting down.

**Marvin Salvador Ajcet**

31. Marvin Salvador Ajcet is an adult individual who is a resident of Queens County, State of New York.

32. Salvador Ajcet was employed as a prep cook and dishwasher by defendants from on or about December 2017 to June 19, 2018.

33. As a prep cook and dishwasher Salvador Ajcet was a covered employee as defined by FLSA, 29 U.S.C. § 203(e) and NYLL § 190; and is not exempt by FLSA, 29 U.S.C. § 213.

34. At all times relevant Salvador Ajcet regularly worked 11am to 10:30pm. On Fridays and Saturday he worked from 11:30am to 11:30pm. He worked six days a week and was off on Tuesday. Thus each week he four eleven and a half (11.5)-hour days, and two twelve (12)-hour days for a total of 70 hours a week.

35. At no time was Plaintiff Salvador Ajcet given breaks and he was required to eat while working.

36. At all times relevant Salvador Ajcet was paid $600 every week. He was paid in cash in hand by Eric, every second Monday.

37. At no time was Plaintiff Salvador Ajcet given breaks and he was required to eat while working.

38. This at all times relevant Plaintiff Salvador Ajcet was paid $8.57 for each hour worked.

39. At no time was Plaintiff Salvador Ajcet given pay stubs or notices of statutory wage increases.

40. In 2017 New York City employers with 11 or more workers were required to pay $11 per hour plus overtime, and in 2018 the minimum wage went up to $13.00 per hour.

41. At some time Plaintiff Salvador Ajcet also asked why he was not being paid overtime and he was told by Eric "This is what we pay here."

42. On June 19, 2018, Plaintiff Salvador Ajcet along with Plaintiff Salvador was fired and replaced by workers from a second Wok Wok location that was shutting down.

7

## FLSA COLLECTIVE ACTION ALLEGATIONS

43. Plaintiffs bring their first and second claims for relief as a collective action under Section 16(b), 29 U.S.C. § 216(b) of the FLSA on behalf of all hourly workers employed by defendants at Wok Wok between on or about April 20, 2018 and the date of final judgment in this matter that elect to opt in to this action. Such plaintiffs are hereinafter referred to as the "FLSA Collective Plaintiffs."

44. Defendants committed the acts alleged in this complaint knowingly, intentionally and willfully within the meaning of FLSA, 29 U.S.C. § 216.

45. At all times relevant to this complaint, and upon information and belief, plaintiffs and the FLSA Collective Plaintiffs are and/or have been similarly situated, and have had substantially similar compensation provisions. Thus, the claims of plaintiffs are essentially the same as those of the FLSA Collective Plaintiffs.

46. All plaintiffs and the FLSA Collective Plaintiffs have been subject to defendants' policies and practices of willfully failing to pay them in accordance with minimum wage requirements in violation of FLSA, 29 U.S.C. § 206.

47. All plaintiffs and the FLSA Collective Plaintiffs have been subject to defendants' policies and practices of willfully failing to pay overtime at a rate of one and a half times their hourly rate for hours worked in excess of forty (40) per workweek in violation of FLSA, 29 U.S.C. § 207.

48. For notice and all other purposes related to claims brought under FLSA, 29 U.S.C. § 216(b), the names and addresses of the FLSA Collective Plaintiffs are available from defendants' records. Notice can be provided via first class mail to the last address known to defendants for each of the FLSA Collective Plaintiffs.

## FIRST CLAIM FOR RELIEF

**(FLSA Minimum Wage Claim, 29 U.S.C. §§ 201 *et seq.*, Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)**

49.     Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, repeat, reallege and incorporate each and every preceding paragraph as if set forth fully herein.

50.     At all times relevant, each defendant has been, and/or continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

51.     At all times relevant, defendants employed plaintiffs and FLSA Collective Plaintiffs as "employees" within the meaning of FLSA, 29 U.S.C. § 203.

52.     Defendants were required to pay plaintiffs and the FLSA Collective Plaintiffs at a rate not less than the minimum wage rate under the FLSA for all hours worked.

53.     Upon information and belief, defendants knowingly failed to pay plaintiffs and FLSA Collective Plaintiffs the required minimum wage under the FLSA for each hour worked.

54.     Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages for their unpaid compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs, along with such other relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF

**(FLSA Overtime Claim, 29 U.S.C. § 201 *et seq.* Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)**

55.     Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, repeat, reallege and incorporate each and every preceding paragraph as if set forth fully herein.

56. Throughout the period covered by the applicable statute of limitations and upon information and belief, plaintiffs and other FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek.

57. At all times relevant, and upon information and belief, defendants have repeatedly and willfully failed to pay the named plaintiffs and the FLSA Collective Plaintiffs in accordance with the overtime provisions of the FLSA for work performed in excess of forty (40) hours per workweek.

58. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek and are entitled to recover damages for their unpaid overtime compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs along with such other relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF

**(New York State Minimum Wage Act Claim, NYLL Article 19 §§ 650 *et seq.*, Brought by Plaintiffs on Behalf of Themselves)**

59. Plaintiffs, on behalf of themselves repeat, reallege and incorporate each and every preceding paragraph as if set forth fully herein.

60. Throughout the period covered by the applicable statute of limitations and upon information and belief, defendants knowingly paid plaintiffs less than the minimum wage as required by NYLL and the supporting regulations of the New York State Department of Labor.

61. Defendants did not pay the minimum wage for all hours worked by plaintiffs.

62. Upon information and belief, defendants' failure to pay plaintiffs the minimum wage was willful within the meaning of the NYLL.

63. Plaintiffs seek to recover their unpaid compensation, liquidated damages pursuant to NYLL, Article 6, § 198, attorneys' fees, costs, pre- and post-judgment interest along with such other relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF

**(New York State Minimum Wage Act - Overtime Claim, NYLL § 650 *et seq.*, Brought by Plaintiffs on Behalf of Themselves)**

64. Plaintiffs, on behalf of themselves repeat, reallege and incorporate each and every preceding paragraph as if set forth fully herein.

65. Throughout the period covered by the applicable statute of limitations and upon information and belief, defendants willfully and repeatedly failed to pay plaintiffs at the overtime rate for hours worked in excess of forty (40) hours per workweek as required by NYLL.

66. Plaintiffs seek and are entitled to recover their respective unpaid compensation, damages pursuant to NYLL, Article 6, § 198, attorneys' fees, costs, pre- and post-judgment interest along with such other relief as this Court deems just and proper.

67. Plaintiffs have been damaged in an amount as yet determined, plus liquidated damages.

## FIFTH CLAIM FOR RELIEF

**(Notice-and-Recordkeeping Requirements, NYLL § 195(3), Brought by Plaintiffs on Behalf of Themselves)**

68. Plaintiffs, on behalf of themselves repeat, reiterate, and incorporate each and every preceding paragraph as if set forth fully herein.

69. Defendants have failed to provide plaintiffs with wage statements or explanations of how their wages were calculated in violation of NYLL § 195(3).

70. Plaintiffs have been damaged in an amount of $5000 each, based on daily penalties of $250.

## SIXTH CLAIM FOR RELIEF

**(Notice-and-Recordkeeping Requirements, NYLL § 195(1), Brought by Plaintiffs on Behalf of Themselves)**

71. Plaintiffs, on behalf of themselves repeat reiterate, and incorporate each and every preceding paragraph as if set forth fully herein.

72. Defendants have failed to provide plaintiffs with wage notices as required on February 1 of every year in violation of NYLL § 195(1) apprising them of the new minimum wages on December 31, 2017 and/or December 31, 2018.

73. Plaintiffs have been damaged in an amount of $5000 each, based on daily penalties of $250.

## RELIEF SOUGHT

**WHEREFORE**, plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, request relief as follows:

A. Designation of this action as a collective action for the purposes of the claims brought on behalf of the FLSA Collective Plaintiffs, along with prompt issuance of opt-in notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the opt-in class;

B. Designation of plaintiffs as representatives of the FLSA Collective Plaintiffs;

C. An order declaring that defendants violated the FLSA in the manners stated in this complaint;

D. An order declaring that defendants' violations of the FLSA were willful;

E. An order declaring that defendants violated the NYLL in the manners stated in this complaint;

F. An order declaring that defendants' violations of the NYLL were willful;

G. An award of overtime compensation under the FLSA and NYLL;

H. An award of minimum wage compensation under the FLSA and NYLL;

I. A declaration that, based on violations of law, defendants were not entitled to the "tip credit" and an award of withheld tip compensation pursuant to the FLSA and NYLL;

J. An award of liquidated damages pursuant to the FLSA;

K. An award of damages for violations of NYLL;

L. All penalties available under the applicable laws;

M. Attorneys' fees pursuant to 29 U.S.C. § 216, NYLL § 663 and all other applicable statutes;

N. Interest as provided by law; and

O. Such other relief as this Court deems just and proper.

### JURY TRIAL

Plaintiffs demand a jury trial for all causes of action and claims for which they have a right to a jury trial.

Dated: New York, New York
       May 7, 2019

Respectfully submitted,

MIRER, MAZZOCCHI & JULIEN, P.L.L.C.

_____

By: Ria Julien
*Attorney for Plaintiff*
150 Broadway, 12th floor
New York, NY 10038
(212) 231-2235
rjulien@mmsjlaw.com